UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FTF LENDING, LLC, a Delaware Limited Liability Company,<br>   Plaintiff,<br><br>v.<br><br>746 EAST 4TH STREET, LLC, a Massachusetts Limited Liability Company, THOMAS F. MEADE, Individually, COLLECTOR-TREASURER, CITY OF BOSTON, COMMONWEALTH OF MASSACHUSETTS, and JOHN DOES NOS. 1-10, SAID NAMES BEING UNKNOWN AND FICTITIOUS, AS UNKNOWN OCCUPANTS OR TENANTS IN POSSESSION OF 746 EAST 4TH STREET, BOSTON, MASSACHUSETTS 02127<br>   Defendant,<br> and<br><br>THOMAS F. MEADE,<br>Defendant/Crossclaim/Third-Party Plaintiff,<br><br>v.<br><br>746 EAST 4TH STREET, LLC,<br>Defendant/Crossclaim Defendant,<br><br>and<br><br>ANDREW COLLINS, Individually,<br>Third-Party Defendant. | CIVIL ACTION NO.: 1:22-cv-10765 |

1

**DEFENDANT'S, THOMAS F. MEADE,
ANSWER, AFFIRMATIVE DEFENSES, CROSSCLAIMS,
THIRD-PARTY COMPLAINT AND JURY DEMAND**

The defendant, Thomas F. Meade ("Mr. Meade"), responds to the plaintiff's, FTF Lending, LLC ("FTF"), Complaint as follows.

Plaintiff's introductory paragraph asserts a general theory of the case as well as legal conclusions to which no response is required. To the extent that the introductory paragraph contains factual allegations to which a response is required, such allegations are denied.

## PARTIES

1. Mr. Meade is without sufficient knowledge and information to respond to Paragraph 1 of the plaintiff's Complaint and calls upon the plaintiff to prove the same.

2. Mr. Meade admits that 746 East 4th Street, LLC ("746 East 4th Street") is a Massachusetts limited liability company, and denies the remaining allegations in this paragraph. To the extent this paragraph states a legal conclusion, no response is required.

3. Mr. Meade admits that he is an individual residing in the Commonwealth of Massachusetts, and that he is domiciled at 711 Jerusalem Road, Cohasset, Massachusetts 02025. To the extent this paragraph states a legal conclusion, no response is required.

4. Mr. Meade is without sufficient knowledge and information to respond to Paragraph 4 of the plaintiff's Complaint and calls upon the plaintiff to prove the same.

5. Mr. Meade is without sufficient knowledge and information to respond to Paragraph 5 of the plaintiff's Complaint and calls upon the plaintiff to prove the same.

## JURISDICTION AND VENUE

6. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

7. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

## BACKGROUND AND GENERAL ALLEGATIONS

8. It is admitted only that on or around April 15, 2021, defendant 746 East 4th Street executed a promissory note. The terms of the promissory note speak for themselves and any attempt to vary those terms or meaning is denied.

9. It is admitted only that on or around April 15, 2021, Mr. Meade executed a guaranty. The terms of the guaranty speak for themselves and any attempt to vary those terms or meaning is denied.

10. It is admitted only that on or around April 15, 2021, 746 East 4th Street executed a document titled "Mortgage, Assignment of Leases and Rents, Fixture Filing, and Security Agreement." The terms of that document speak for themselves and any attempt to vary those terms or meaning is denied.

11. This paragraph refers to a document which speaks for itself and any attempt to vary its terms or meaning is denied. To the extent that this paragraph states a legal conclusion, no answer is required.

12. Mr. Meade is without sufficient knowledge and information to respond to Paragraph 12 of the plaintiff's Complaint and calls upon the plaintiff to prove the same. To the extent that this paragraph references a document, that document speaks for itself and any attempt to vary its terms or meaning is denied. To the extent this paragraph states a legal conclusion, no answer is required.

13. Mr. Meade is without sufficient knowledge and information to respond to Paragraph 13 of the plaintiff's Complaint and calls upon the plaintiff to prove the same. To the

extent that this paragraph references a document, that document speaks for itself and any attempt to vary its terms or meaning is denied. To the extent this paragraph states a legal conclusion, no answer is required.

14. To the extent that this paragraph references a document, that document speaks for itself and any attempt to vary its terms or meaning is denied. To the extent this paragraph states a legal conclusion, no answer is required. The remaining allegations in this paragraph are denied.

15. Mr. Meade is without sufficient knowledge and information to respond to Paragraph 15 of the plaintiff's Complaint and calls upon the plaintiff to prove the same. To the extent that this paragraph references a document, that document speaks for itself and any attempt to vary its terms or meaning is denied. To the extent this paragraph states a legal conclusion, no answer is required.

16. It is admitted only that 746 East 4th Street owns the property referred to in the quitclaim deed attached as Exhibit D to the plaintiff's Complaint. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied. To the extent that this paragraph states a legal conclusion, no answer is required. The remaining allegations in this paragraph are denied.

17. Mr. Meade is without sufficient knowledge and information to respond to Paragraph 17 of the plaintiff's Complaint and calls upon the plaintiff to prove the same. To the extent that this paragraph references a document, that document speaks for itself and any attempt to vary its terms or meaning is denied. To the extent this paragraph states a legal conclusion, no answer is required.

**COUNT ONE – BREACH OF NOTE**
**(AS ONLY TO DEFENDANT 746 EAST 4TH STREET LLC)**

18. Mr. Meade repeats and incorporates by reference each response contained in the foregoing paragraphs as specifically set forth herein.

19. Paragraph 19 of Count One of the plaintiff's Complaint is directed towards a party other than Mr. Meade and requires no response.

20. Paragraph 20 of Count One of the plaintiff's Complaint is directed towards a party other than Mr. Meade and requires no response.

21. Paragraph 21 of Count One of the plaintiff's Complaint is directed towards a party other than Mr. Meade and requires no response.

22. Paragraph 22 of Count One of the plaintiff's Complaint is directed towards a party other than Mr. Meade and requires no response.

23. Paragraph 23 of Count One of the plaintiff's Complaint is directed towards a party other than Mr. Meade and requires no response.

24. Paragraph 24 of Count One of the plaintiff's Complaint is directed towards a party other than Mr. Meade and requires no response.

25. Paragraph 25 of Count One of the plaintiff's Complaint is directed towards a party other than Mr. Meade and requires no response.

26. Paragraph 26 of Count One of the plaintiff's Complaint is directed towards a party other than Mr. Meade and requires no response.

27. Paragraph 27 of Count One of the plaintiff's Complaint is directed towards a party other than Mr. Meade and requires no response.

## COUNT TWO – BREACH OF THE GUARANTY
## (AS ONLY TO MR. MEADE)

28. Mr. Meade repeats and incorporates by reference each response contained in the foregoing paragraphs as specifically set forth herein.

29. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

30. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

31. It is admitted only that plaintiff sent a document to Mr. Meade. That document speaks for itself and any attempt to vary its terms and meaning is denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. To the extent that a response is required, the allegations are denied.

32. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

33. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

34. Denied.

## COUNT THREE – FORECLOSURE OF MORTGAGE
## (AS TO ALL DEFENDANTS)

35. Mr. Meade repeats and incorporates by reference each response contained in the foregoing paragraphs as specifically set forth herein.

36. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

37. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

38. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

39. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

40. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

41. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

42. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

43. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

44. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. To the extent this paragraph refers to a document, that document speaks for itself and any attempt to vary its terms or meaning is denied.

45. Mr. Meade is without sufficient knowledge and information to respond to Paragraph 45 of the plaintiff's Complaint and calls upon the plaintiff to prove the same.

46. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

47. Mr. Meade is without sufficient knowledge and information to respond to Paragraph 47 of the plaintiff's Complaint and calls upon the plaintiff to prove the same.

48. Mr. Meade is without sufficient knowledge and information to respond to Paragraph 48 of the plaintiff's Complaint and calls upon the plaintiff to prove the same.

49. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Complaint is barred by the applicable statutes of limitations, waiver, estoppel and laches.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, Mr. Meade states that the plaintiff has failed to comply with the conditions precedent to bringing this action.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Mr. Meade states that the plaintiff's claims are barred as a result of its unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, any damages suffered by the plaintiff are as a result of its own conduct.

### SIXTH AFFIRMATIVE DEFENSE

Any breaches by Mr. Meade of his objections to the plaintiff are excused as a result of the plaintiff's own material breaches.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims made in the Complaint are barred in whole or in part because the alleged damages, if any, were caused by the conduct of persons or entities over whom Mr. Meade had no control or for whose conduct Mr. Meade is not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, Mr. Meade states that he has not acted in bad faith and that he has acted in accordance with all applicable laws and regulations.

**NINTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, Mr. Meade states that he did not have a legal duty in this matter.

**TENTH AFFIRMATIVE DEFENSE**

Mr. Meade reserves the right to rely on such other and further defenses as may become available or apparent during discovery and to amend this Answer to assert such defenses.

**MR. MEADE'S CROSSCLAIMS AND THIRD-PARTY COMPLAINT**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Crossclaim Plaintiff Mr. Meade asserts the crossclaims of contribution and common law indemnity against Crossclaim Defendant 746 East 4th Street; and, pursuant to Rule 14 of the Federal Rules of Civil Procedure, Third-Party Plaintiff Mr. Meade asserts the claims of contribution, common law indemnity, and contractual indemnity, against Third-Party Defendant Andrew Collins ("Collins").

**PARTIES**

1.   Mr. Meade is an individual with a last and usual residence located at 711 Jerusalem Road, Cohasset, Massachusetts.

2. 746 East 4th Street is a Massachusetts limited liability company with a principal office located at 84 State Street, Boston, Massachusetts 02109. Steven Meyer, Esq. is listed as the Manager of 746 East 4th Street with the Secretary of the Commonwealth.

3. Andrew Collins is a natural person residing at 314 K Street, South Boston, Massachusetts 02127. Collins owns and/or controls 746 East 4th Street.

## FACTS

4. On or around March 15, 2022, Mr. Meade and Mr. Collins executed a contract (the "Settlement Agreement") wherein the subject matter included, *inter alia*, the real property located at 746 East 4th Street, South Boston, Massachusetts 02127 (the "Locus").

5. Pursuant to the terms of the Settlement Agreement, each party agreed to indemnify and hold the other harmless from and against any and all costs, liabilities, damages, and injuries, including, but not limited to, reasonable attorneys' fees and court costs, arising from or related to a breach of any representation or warranty made by such party as part of the Settlement Agreement.

6. Pursuant to the terms of the Settlement Agreement, Mr. Meade and Collins agreed that the prior agreement between them regarding the Locus, which included the ownership and management of 746 East 4th Street, were rescinded and terminated, and all rights and obligations of the parties thereunder were superseded and waived the by provisions of the Settlement Agreement.

7. According to the provisions of the Settlement Agreement, Mr. Meade and Collins agreed that each party would agree to execute all documents necessary to carry out the purpose of the Settlement Agreement, including, but not limited to, amendments to the management structure of 746 East 4th Street.

## COUNT ONE – CONTRIBUTION
## (AGAINST 746 EAST 4TH STREET AND COLLINS)

9. Mr. Meade realleges the allegations in Paragraphs 1-7.

10. The plaintiff in this matter has alleged that it was damaged as a result of the breach of the promissory note by 746 East 4th Street and the breach of the guaranty by Mr. Meade, which Mr. Meade denies.

11. If the plaintiff has been harmed as a result of the breaches alleged in the Complaint, such harm was caused by, *inter alia*, the breach of the promissory note of the cross-claimed defendant, 746 East 4th Street, and the breach of the Settlement Agreement by Collins.

12. If the plaintiff has been harmed as a result of the breaches alleged in the Complaint, such harm was caused by the wrongful conduct of 746 East 4th Street and Collins, including but not limited to, their failure to satisfy the promissory note in violation of the Settlement Agreement.

13. If the plaintiff prevails on its claims against Mr. Meade, Mr. Meade is entitled to contribution from the crossclaimed defendant 746 East 4th Street, and the third-party defendant Collins, with respect to all losses and damages sustained by the plaintiff arising out of any such determination of liability, pursuant to M.G.L. c. 231B.

WHEREFORE, defendant/crossclaim/third-party plaintiff, Thomas F. Meade, demands judgment against the crossclaim defendant 746 East 4th Street, and third-party defendant Collins, in the amount of his pro rata share of liability with respect to all sums that the plaintiff may recover against Mr. Meade, plus interest and costs, and for such other relief as the court deems appropriate and just.

## COUNT TWO – COMMON LAW INDEMNIFICATION
## (AGAINST 746 EAST 4TH STREET LLC AND COLLINS)

14.     Mr. Meade realleges the allegations in Paragraphs 1-13.

15.     The plaintiff in this matter has alleged that it was damaged as a result of the breach of the promissory note by 746 East 4th Street and the breach of the guaranty by Mr. Meade, which Mr. Meade denies.

16.     If the plaintiff has been harmed as a result of the breaches alleged in the Complaint, such harm was caused by, *inter alia*, the breach of the promissory note of the cross-claimed defendant, 746 East 4th Street, and the breach of the Settlement Agreement by Collins.

17.     If the plaintiff has been harmed as a result of the breaches alleged in the Complaint, such harm was caused by the wrongful conduct of 746 East 4th Street and Collins, including, but not limited to, the failure of 746 East 4th Street and Collins to satisfy the promissory note, in violation of the Settlement Agreement.

18.     If the plaintiff prevails on its claims against Mr. Meade, Mr. Meade is entitled to common law indemnification from the crossclaimed defendant 746 East 4th Street, and the third-party defendant Collins, with respect to all losses and damages sustained by the plaintiff arising out of any such determination of liability, pursuant to M.G.L. c. 231B.

WHEREFORE, defendant/crossclaimed/third-party plaintiff, Thomas F. Meade, demands judgment against the crossclaim defendant, 746 East 4th Street, and the third-party defendant Collins, in the amount of all sums that the plaintiff may be awarded against Mr. Meade, plus interest, costs, and attorneys' fees and for such other relief as the court deems appropriate and just.

## COUNT THREE – CONTRACTUAL INDEMNIFICATION
## (AGAINST COLLINS)

19.     Mr. Meade realleges the allegations in Paragraphs 1-18.

20.     The plaintiff in this matter has alleged that it was damaged as a result of the breach of the promissory note by 746 East 4th Street and the breach of the guaranty by Mr. Meade, which Mr. Meade denies.

21.     If the plaintiff has been harmed as a result of the breaches alleged in the Complaint, such harm was caused by, *inter alia*, the breach of the promissory note of the cross-claimed defendant, 746 East 4th Street, and the breach of the Settlement Agreement by Collins.

22.     If the plaintiff has been harmed as a result of the breaches alleged in the Complaint, such harm was caused by the wrongful conduct of third-party defendant Collins, including, but not limited to, failing to relieve Mr. Meade of his obligations regarding the Locus, and failing to satisfy the promissory note in violation of the Settlement Agreement.

23.     Mr. Meade, under the terms of the Settlement Agreement, is entitled to contractual indemnity and specific performance from third-party defendant Collins.

WHEREFORE, defendant/crossclaimed/third-party plaintiff, Thomas F. Meade, demands judgment against, and the specific performance of, the third-party defendant Collins in the amount of all sums that the plaintiff may be awarded against Mr. Meade, plus interest, costs, and attorneys' fees and for such other relief as the court deems appropriate and just.

## JURY DEMAND

Mr. Meade demands a jury on all counts.

Respectfully submitted,
THOMAS F. MEADE,
By his attorneys,

**Chapdelaine Law Office, P.C.**

/s/ Marc E. Chapdelaine
_____
Marc E. Chapdelaine, BBO# 655649
325 Central Street
Saugus, MA 01906
(781) 233-1988
*marc@chapdelainelaw.com*

**Rourke Law Office, P.C.**

/s/ Craig E. Rourke
_____
Craig E. Rourke, BBO# 665643
325 Central Street
Saugus, Massachusetts 01906
(617) 806-6827
*crourke@craigrourke.com*

Dated:  June 30, 2022

## **CERTIFICATE OF SERVICE**

I, Craig E. Rourke, hereby certify that on this 30th day of June 2022, I delivered a copy of the forgoing via email to:

Brandon H. Litte, Esq.
Lippes Mathias, LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
blittle@lippes.com

Michael J. Palumbo, Esq.
Gingo Palumbo Law Group, LLC
Summit One
4700 Rockside Road, Suite 440
Independence, Ohio 44131
michael@gplawllc.com

Michael A. Burkett, Esq.
Rubin and Rudman, LLP
53 State Street
Boston, MA 02109
mburkett@rubinrudman.com

Jaclyn Munson, Esq.
City of Boston
One City Hall Square, Suite 615
Boston, MA 02201
jaclyn.munson@boston.gov

/s/ Craig E. Rourke
_____
Craig E. Rourke

17