```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| FTF LENDING LLC, a Delaware Limited Liability Company,<br>     Plaintiff,<br><br>v.<br><br>746 EAST 4TH STREET LLC, a Massachusetts limited liability company, *et al*.<br>     Defendants. | No. 22-cv-10765-DLC |

## CONSENT JUDGMENT ENTRY AND DECREE OF MORTGAGE FORECLOSURE AND SALE

CABELL, U.S.M.J.

This matter is before this Honorable Court upon the report of a settlement noted in a prior proposed consent judgment (D. 45) filed by the Plaintiff FTF Lending LLC and Defendants 746 East 4th Street LLC and Thomas F. Meade.

Having fully reviewed the docket, the Court now finds as follows:

1. This Court has jurisdiction over the Parties and the subject matter of this lawsuit.

2. Defendant 746 East 4th Street LLC is the current owner of one (1) parcel of real property more commonly known as 746 East 4th Street, Boston, Massachusetts 02127 (Parcel ID #0602630000) (individually and/or collectively, the "Property") under that certain Quitclaim Deed recorded on April 16, 2021 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #2021-00919300 (Official Records Book 683 at Page 167; Certificate #137567).

3. The legal description of the Property is as follows:

> That certain parcel of land situated in that part of Boston called South Boston in the County of Suffolk end Commonwealth of Massachusetts, bounded and described as follows:
>
> SOUTHERLY by East Fourth Street, Twenty and 73/100 (20.73) feet;
>
> WESTERLY by land now or formerly of Nellie I. Roberts, One Hundred Twenty-Five (125) feet;
>
> NORTHERLY by lands now or formerly of Gertrude M. McAuliffe and of Cornelius J. Collins et al, Twenty and 26/100 (20.26) feet; and
>
> EASTERLY by land now or formerly of Mary E. Moffett, One Hundred Twenty-Five (125) feet; the line running in part through the middle of a wall.
>
> All of said boundaries are determined by the Court to be located as shown upon Plan Numbered 16091-A, filed with Certificate of Title No. 35012, the same being compiled from a Plan drawn by T.B. Kenney, Civil Engineer, dated March 21, 1936, and additional data on file in the Land Registration Office, all as modified and approved by the Court.
>
> For Grantor's title, see Deed recorded herewith.
>
> Address: <u>746 East 4th Street, Boston, Massachusetts 02127</u> Parcel ID: <u>0602630000</u>

4. Defendant 746 East 4th Street LLC executed a certain promissory note (the "<u>Note</u>") dated April 15, 2021 in favor of the Plaintiff FTF Lending in the original principal amount of $2,650,000.00, plus interest on the unpaid principal balance.

5. To secure repayment of the Note, Defendant Thomas F. Meade executed a certain commercial guaranty (the "<u>Guaranty</u>") dated April 15, 2021 in favor of the Plaintiff FTF Lending.

6. To further secure repayment of the Note, Defendant 746 East 4th Street LLC executed a certain mortgage, assignment of leases and rents, fixture filing, and security agreement (the "Mortgage") dated April 15, 2021 in favor of the Plaintiff FTF Lending. The Mortgage was recorded on April 16, 2021 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #2021-00919302 (Official Records Book 683 at Page 167; Certificate #137567). To further perfect the Mortgage, a certain Uniform

    Commercial Code Fixture Filing was also recorded on April 16, 2021 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #2021-00919303 (Official Records Book 683 at Page 167l Certificate #137567).

7. In the Mortgage, Defendant 746 East 4th Street LLC granted, mortgaged, and conveyed to the Plaintiff FTF Lending and the Plaintiff's successors and assigns, with mortgage covenants, all of said Defendant's right, title and interest in and to the Property.

8. The Plaintiff FTF Lending has performed all conditions precedent under the Note, the Guaranty, and the Mortgage since April 15, 2021.

9. The Plaintiff FTF Lending LLC is the current holder of the Note, the current holder of the Guaranty, the current holder of the Mortgage, and the real party in interest entitled to enforce the rights and remedies under the Note, the Guaranty, and the Mortgage.

10. Under the terms of the Note, the Guaranty, and the Mortgage, Defendants 746 East 4th Street LLC and Thomas F. Meade failed to make certain payments to the Plaintiff FTF Lending LLC under the Note within 10 days after the due date for such payment. On April 18, 2022, the Plaintiff mailed a written notice of default (the "Notice of Default") to Defendants. The Notice of Default notified Defendants of the default under the Note and provided Defendants with a cure period. Defendants failed to cure the default under the Note within the cure period set forth under the Notice of Default, and the default under the Note remains

3

ongoing.

11. On or about August 10, 2022, the Plaintiff FTF Lending LLC voluntarily dismissed, without prejudice, Defendant Collector-Treasurer, City of Boston, Commonwealth of Massachusetts, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

12. On or about January 26, 2023, the Plaintiff FTF Lending LLC voluntarily dismissed, without prejudice, Defendant John Does No. 1-10, Said Names Being Unknown and Fictitious, as Unknown Occupant(s) or Tenant(s) in Possession of 746 East 4th Street, Boston, Massachusetts 02127 pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

13. On or about January 27, 2023, Defendant/Third-Party Plaintiff Thomas F. Meade voluntarily dismissed, without prejudice, Defendant's Crossclaims against 746 East 4th Street LLC and Third-Party Complaint against Third- Party Defendant Andrew J. Collins pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

14. Defendants 746 East 4th Street LLC and Thomas F. Meade, jointly and severally, owe the Plaintiff FTF Lending LLC, the total amount of $1,801,889.92, plus per diem interest of $472.31 from January 21, 2023 and thereafter, plus Plaintiff's reasonable attorney's fees and costs and expenses in an amount to be determined upon motion of the Plaintiff.

15. This Court reserves the right to review and to determine the reasonableness of the Plaintiff's additional attorney's fees, costs, and expenses in the event of redemption under the Mortgage or for purposes of ascertaining a deficiency amount following the judicial foreclosure sale of the Property.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED:

A. Upon Count I of the Complaint, Judgment shall be entered in favor of the Plaintiff FTF Lending LLC and against Defendant 746 East 4th Street LLC in the total sum of $1,801,889.92, plus per diem interest of $472.31 from

4

      January 21, 2023 and thereafter, plus Plaintiff's reasonable attorney's fees and costs and expenses in an amount to be determined upon motion of the Plaintiff.

B. Upon Count II of the Complaint, Judgment shall be entered in favor of the Plaintiff FTF Lending LLC and against Defendant Thomas F. Meade in the total sum of $1,801,889.92, plus per diem interest of $472.31 from January 21, 2023 and thereafter, plus Plaintiff's reasonable attorney's fees and costs and expenses in an amount to be determined upon motion of the Plaintiff.

C. Upon Count III of the Complaint, Judgment in mortgage foreclosure shall be entered in favor of the Plaintiff FTF Lending LLC and against Defendants 746 East 4th Street LLC and Thomas F. Meade. Accordingly, the Mortgage shall be foreclosed and the Property sold at foreclosure sale pursuant to 28 U.S.C. § 2001, *et seq.*, Massachusetts law, and Order(s) of this Court.

D. The amount due under the Mortgage shall be fixed at $1,801,889.92, plus per diem interest of $472.31 from January 21, 2023 and thereafter, plus Plaintiff's reasonable attorney's fees and costs and expenses in an amount to be determined upon motion of the Plaintiff.

E. The Plaintiff FTF Lending LLC may submit requests for additional fees and costs associated with the foreclosure sale of the Property at a subsequent time for this Honorable Court's review and consideration.

F. The Property shall be sold according to the following procedures:

    1. A(n) licensed auctioneer or officer designated by this Court (the "<u>Sales Officer</u>") shall sell the Property for cash to the highest bidder at a public, judicial sale pursuant to 28 U.S.C. § 2001, *et seq.*, Massachusetts law, and Order(s) of this Court.

    2. The Sales Officer shall publish notice of sale pursuant to 28 U.S.C. § 2002 and Massachusetts law once a week for 3 consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the county and Judicial District where the Property is situated. To reduce the costs and expenses of the sale, the Plaintiff FTF Lending LLC may advertise a short description of the Property rather than a complete legal description.

        The notice of public sale shall include all information required pursuant to Massachusetts law but an immaterial error in the information shall not invalidate the legal effect of the notice.

3. Counsel for the Plaintiff FTF Lending LLC shall also give notice of sale to all Parties appearing in this action and not heretofore being found in default. Such notice shall be given in the manner prescribed under the Federal Rules of Civil Procedure, Local Rules and/or Massachusetts law. After the Plaintiff's counsel gives notice of sale, the Plaintiff's counsel shall file the notice with the Clerk of Court together with a certificate of counsel or other proof that notice has been served.

4. The Plaintiff FTF Lending LLC or the Plaintiff's nominee, designee, or authorized agent shall be granted a right of entry to the Property at reasonable times for purposes of pre-sale inspection with the right to inspect the Property, books, records and accounts, and all other items, things and information necessary for the inspection, advertisement and sale of the Property.

5. Bidding at public sale shall be made without conditions and contingencies of any kind. The Property shall be sold "as is" and "where is", with all faults and with no representations or warranties of any kind.

6. The terms of sale shall be set forth in the notice of sale and/or announced at sale. All payments tendered shall be by wire transfer, certified check, or by bank cashier's check.

7. The Plaintiff FTF Lending LLC may bid at public sale. If the Plaintiff is the highest bidder, then the amounts due to the Plaintiff, plus all costs, advances and fees, together with interest incurred between the entry of this Judgment and confirmation of sale, shall be credited against the Plaintiff's bid.

8. If the Plaintiff FTF Lending LLC is not the successful bidder at public sale of the Property, then then Plaintiff shall automatically be registered as the second highest bidder at the

6

       Judgment amount and may proceed to make settlement with the Sales Officer in the event of default by the highest bidder.

9. The successful bidder shall take the Property subject to and pay all taxes, water rents or charges, sewer rents or charges, municipal claims, and any other claims, charges, and liens against the Property which are not divested by the sale. The successful bidder also shall pay all Federal, State, and local transfer taxes and stamps.

10. In the event the successful bidder fails to comply with the terms of public sale as required, then upon demand by the Plaintiff FTF Lending LLC in a notice served upon the Sales Officer and successful bidder, the funds submitted by the successful bidder to the Sales Officer shall be forfeited to the Plaintiff, or, in the alternative, the Plaintiff may have the Property sold to the next highest bidder. In the event there is a third-party bidder other than the Plaintiff, the Sales Officer shall obtain the name, address and telephone number of that bidder. Notice by United States regular mail to the address given by the successful bidder and to the Sales Officer conducting the public sale shall be deemed to be sufficient notice by the Plaintiff to exercise its option to forfeit the funds.

11. If there are funds remaining after payment of all disbursements required by the final judgment or foreclosure and shown on the report of disbursements, the surplus shall be distributed as provided by further Order(s) of this Court.

12. The amount of the bid for the Property at the sale shall be conclusively presumed to be sufficient consideration for the sale. Any party may serve an objection to the amount of the bid within 10 days after the Sales Officer files the report of sale. If timely objections to the bid are served, the objections shall be heard by this Court. Service of objections to the amount of the bid does not affect or cloud the title of the purchaser in any manner. If the case is one in which a deficiency judgment may be sought and application is made for a deficiency, the amount bid at the sale may be considered by this Court as one of the factors in

        determining a deficiency under the usual equitable principles.

G.    a true and accurate copy of this Judgment Entry and Decree of Mortgage Foreclosure and Sale to the Sales Officer.

H.    Counsel for the Plaintiff FTF Lending LLC shall serve a true and accurate copy of this Judgment Entry and Decree of Mortgage Foreclosure and Sale upon Defendants (1) 746 East 4th Street LLC and (2) Thomas F. Meade, all by UPS next day delivery, United States certified mail, return receipt requested, United States regular mail, postage prepaid, and/or by email.

I.    This Court shall retain jurisdiction over this case for the granting of such further Order(s), decrees, and relief as circumstances may require or deemed appropriate and proper.

IT IS SO ORDERED.

/s/ Donald L. Cabell
DONALD L. CABELL
UNITED STATES MAGISTRATE JUDGE

DATED: February 27, 2023